Derbigny, J.
delivered the opinion of the court. The plaintiff had instituted a suit by attachment against Robert Fitzgerald. Having obtained judgment in his favour, he caused execution to issue against the property attached, *396 but found it incumbered by a mortgage, given by the defendant, since the beginning of the suit. Could the defendant mortgage his property while attached, is the only question to be decided in this case.
East’n District
July, 1820.
Suits by attachment were, for the first time, established in this country by special law in the year 1805. Their object is to enable a creditor to obtain payment of his debt, even in the absence of his debtor, if he finds property belonging to him, within the jurisdiction of the court. The first step, in such a suit, is to lay hold of the property, and place it under the custody of the law, to await the judgment to be rendered. It is not indeed expressly said, that property thus circumstanced, shall not be disposed of by the defendant. But, was there any necessity to express it ? Can the property be, at the same time, in the custody of the law and at the disposal of the defendant ? If the property consists of moveables, it is evident that the defendant can neither sell or pledge it, because he cannot deliver it. Is the case different, with respect to immoveables, because they can be mortgaged without delivery ? We think not. We think that the property placed in the custody of the law, must remain in statu quo, until released in the manner pointed out by *397 law, or disposed of according to law—that it is placed out of the reach of the defendant until released ; and that to suppose in the defendant a right to dispose of it, while in the custody of the law, is to make the whole proceeding on attachment a mere derision.
If not satisfied with the obvious meaning and intent of our law of attachment, we go in search of authorities to understand the nature of this kind of seizure, and the extent of its effects, we find in the Spanish laws, abundant information on the subject. A proceeding very similar to this formerly existed under the name of assentamiento. Part. 3, tit. 8. When the defendant either refused to appear, or absconded to prevent a citation from being served on him, the judge ordered the plaintiff to be put in possession of so much of his property, as would suffice to discharge his debt. The defendant could, in like manner, release his property by appearing and giving security to abide by the judgment of the court. We do not find there, any more than in our laws of attachment, that property thus situated can be mortgaged to the prejudice of the plaintiff ; but we see in law 5, of the said title, that any person who has the audacity ( osadia ) to take from such possessor the thing thus put in his pos *398 session, is bound to return it and to indemnify the possessor, and is besides punished with fine.
Hennen for the plaintiff, Livingston for the defendant.
Now, although it is not added in so many words, that the property attached shall not only be protected against any open violence, but also against any attempt to make it slip out of the hands of the creditor by other means, we think that the law fully embraces every act by which the debtor may contrive to defeat the object of the attachment.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.